IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD J. SMITH, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 05-119 (SLR) |
| | ) |
| v. | ) |
| | ) |
| E. I. DU PONT DE NEMOURS AND COMPANY, a Delaware corporation, | ) ) ) |
| Defendant. | ) |

**DEFENDANT E. I. DU PONT DE NEMOURS AND COMPANY'S
OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

POTTER ANDERSON & CORROON LLP
Mary E. Copper (#2397)
Sarah E. DiLuzio (#4085)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000

*Attorneys for Defendant
E. I. du Pont de Nemours and Company*

Dated: April 29, 2005

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................ii

NATURE AND STAGE OF PROCEEDINGS ....................................................................1

SUMMARY OF ARGUMENT ............................................................................................2

STATEMENT OF FACTS ...................................................................................................3

ARGUMENT ........................................................................................................................6

      A.      Standard of Review ...............................................................................................6

      B.      Plaintiff Has Failed To State a Cognizable Claim Under ERISA .................6

            1.      The Pension Plan Does Not Permit A Post-Retirement Change
In The Spouse Designated for the Company-Paid Survivor Benefit
And Spouse Benefit Option ...............................................................................7

            2.      Federal Law Prohibits the Relief Requested by Plaintiff ..................8

CONCLUSION .....................................................................................................................12


# TABLE OF AUTHORITIES

## CASES

Page

*Boggs v. Boggs*, 520 U.S. 833 (1997) ............................................................................. 10

*Bartholomew v. Fischl*, 782 F.2d 1148 (3d Cir. 1986) ....................................................... 6

*Patterson v. Shumate*, 504 U.S. 753 (1992) ..................................................................... 10

*Guidry v. Sheet Metal Workers Natl. Pension Fund*, 493 U.S. 365 (1990) ................. 9, 10

*Smith v. Estate of Smith*, 248 F. Supp.2d 348 (D. N.J. 2003) .......................................... 10

## OTHER AUTHORITIES

The Internal Revenue Code, 26 U.S.C. § 401(a) *et seq.* ............................................ passim

The Internal Revenue Code, 26 U.S.C. § 414 *et seq.* ................................................. passim

The Internal Revenue Code, 26 U.S.C. § 417 *et seq.* ................................................. passim

The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* passim

The Retirement Equity Act of 1984, Pub. No. 98-397, 98 Stat. 1426 ............................. 10

## **NATURE AND STAGE OF PROCEEDING**

Plaintiff Ronald J. Smith ("Plaintiff"), a former DuPont employee, filed this action on February 28, 2005, seeking an order from this Court that would force DuPont to alter Plaintiff's survivorship benefit under the DuPont Pension and Retirement Plan ("Pension Plan") so as to substitute Plaintiff's current spouse in place of the spouse he was married to at the time of his retirement.

Defendant E. I. du Pont de Nemours and Company ("DuPont") submits this brief in support of its motion to dismiss the Complaint in this action for failure to state a claim upon which relief may be granted.

## SUMMARY OF ARGUMENT

1. The Complaint Should Be Dismissed because the Plaintiff has failed to state a cognizable claim under ERISA.

## **STATEMENT OF FACTS**

Plaintiff is a former DuPont employee and is a participant in the DuPont Pension Plan, which is a tax-qualified employee pension benefit plan subject to the provisions of the Internal Revenue Code (the "Code") pertaining to employee pension plans, 26 U.S.C. § 401(a) et seq. and the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"). Compl., D. I. 1, ¶ 1. Plaintiff retired from active employment with DuPont on November 30, 1991 and began receiving pension benefits from DuPont on December 1, 1991. See Affidavit of Mary Jo Anderson attached hereto as Exhibit A.  A copy of the Pension Plan as in effect at the time of Plaintiff's retirement is attached hereto as Exhibit B.

Prior to his retirement, on November 14, 1991,[1] Plaintiff completed a form titled "Post-Retirement Company-Paid Survivor Benefits and Spouse Benefit Option." (Attached hereto as Exhibit C and hereinafter referred to as the "SBO Election.") This SBO Election form is completed by eligible DuPont employees prior to retirement to allow employees to make certain survivor benefit elections offered under the Pension Plan. The form is designed to implement the Pension Plan provisions and comply with the qualified joint and survivor annuity requirements of Section 401(a)(11) of the Code and ERISA § 205. On the SBO Election form, Plaintiff indicated that he was married and filled in the box indicating that he wished to name his spouse for the spouse benefit option ("SBO") including the component company-paid survivor benefit. Id. Plaintiff then identified as his beneficiary his then-spouse "Charlotte D. Smith, Social Security Number 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, Date of Birth 06-27-54." Id. Again in the "Specification

---

[1] Although the date on which Plaintiff signed the document appears to be "11/12/94", the DuPont representative signed it on "11/14/91" and DuPont records indicate that it was received on November 14, 1991.

3

of Beneficiaries" section of the form, Plaintiff identified Charlotte D. Smith as his spouse and beneficiary. Although the box next to the paragraph declining the SBO option appears to be partially filled in on the copy of the form attached to the Complaint[2] (D. I. 1), no other part of the form indicates that Plaintiff, in fact, intended to decline this benefit. Indeed, as the form makes very clear, in order for a married person to decline the SBO option, his/her spouse would have to fill out the waiver clause indicating the spouse's consent to the waiver of the survivor benefit. *Id.* The waiver clause was not completed nor has Plaintiff asserted that any waiver was completed by Charlotte Smith and filed by Plaintiff prior to his retirement.

As a result of the election of the SBO, Plaintiff acknowledged that his pension would be reduced to provide for the SBO, as provided in the Pension Plan. See Exhibit B. Furthermore, the amount of Plaintiff's pension benefit and the survivor benefit to which Charlotte Smith was entitled were calculated under the Pension Plan according to the relative life expectancies of Plaintiff and Charlotte Smith, pursuant to the terms of the Pension Plan and as permitted by federal law. *See* 29 U.S.C. § 1055(i) ("A plan may take into account in any equitable manner any increased costs resulting from providing a qualified joint or survivor annuity . . .").

On December 23, 1993, Plaintiff apparently was granted a divorce from Charlotte Smith. Compl., D. I. 1, ¶ 2. Plaintiff and Charlotte Smith then entered into a separation and property agreement settling all matters ancillary to their divorce, in which the parties waived any legal right either may have under Federal or State law as a spouse to participate as a beneficiary

---

[2] It could also be argued based on the appearance of the form, that Plaintiff may have made a mark in the box to waive the SBO but then crossed out that mark, and then elected the SBO by completely filling that box.

4

under any interests the other may have in any pension plan or retirement plan. Compl., D. I. 1, ¶ 2. Following his divorce from Charlotte Smith, Plaintiff apparently remarried.

On May 7, 2002, Plaintiff wrote to DuPont requesting that his current spouse be substituted for Charlotte Smith as the beneficiary of his survivor benefit under the Pension and Retirement Plan. Compl., D. I. 1, ¶ 6. DuPont denied this request, as such a "substitution" is not permitted under the terms of the Pension Plan nor the anti-alienation provisions of federal law.

On January 15, 2003, more than 11 years after Plaintiff retired, Charlotte Smith signed a document waiving her right to receive Plaintiff's survivor benefit under the DuPont Pension Plan. Compl., D. I. 1, ¶ 3.

# ARGUMENT

## A. Standard Of Review

This Court may dismiss the Complaint pursuant to Rule 12(b)(6) if, after accepting as true the well-pleaded allegations in the complaint, and viewing those allegations in the light most favorable to plaintiff, the Court determines plaintiff is not entitled to relief. *Bartholomew v. Fischl*, 782 F.2d 1148, 1152 (3d Cir. 1986).

## B. Plaintiff Has Failed To State A Cognizable Claim under ERISA

ERISA allows a plan participant to bring a civil action to recover benefits due under a plan, to enforce his rights under the terms of a plan, to clarify his rights to future benefits under the terms of the plan or to enjoin practices which violate ERISA or the terms of the plan *See* 29 U.S.C. § 1132(a)(1)(A) and (B). In order to have a cognizable claim, Plaintiff must show that he has a right to a benefit under a plan or under one of the applicable statutes that is being abridged. Perhaps the clearest indication of Plaintiff's failure to state any cognizable claim for relief is his failure to point to any language in the Pension Plan or any applicable federal law that would entitle him to the relief that he seeks. As will be demonstrated below, Plaintiff cannot support his claim by reference to the Pension Plan or federal law because the Pension Plan does not permit the substitution of spouse beneficiaries after an employee's retirement. Moreover, as a fiduciary of the Pension Plan, DuPont is constrained from granting Plaintiff's request as such an action would (1) violate DuPont's fiduciary duty under ERISA § 404(a)(1)(D) to administer the Pension Plan strictly in accordance with the documents and instruments covering the Plan; and (2) jeopardize the tax-qualified status of the Pension Plan by violating the anti-alienation rules of Section 401(a)(13) of the Code.

1. **The Pension Plan Does Not Permit A Post-Retirement Change in the Spouse Designated for the Company-Paid Survivor Benefit and Spouse Benefit Option.**

The provisions governing the Plaintiff's right to the SBO and the component Company-Paid Survivor Benefit are found in Section VI of the Pension Plan. Exhibit B, p. 11. The rules applicable to the SBO are found in Section VI.C of the Pension Plan. As indicated in paragraph (1) of Section VI.C., the SBO provides a benefit which is a combination of a survivor payment in accordance with paragraphs A(1) and A(2) of Section VI, and a monthly payment to the spouse equal to 10% of the employee's pension.[3] Post-retirement coverage under the SBO becomes effective on retirement unless the employee is not married, the spouse cannot be located, the employee is legally separated or abandoned, spousal consent is not required under the applicable Treasury regulations or, "the employee and his spouse specify otherwise in writing in the manner prescribed by the Board of Benefits and Pensions within 90 days prior to the date of his retirement." Benefit coverage under Sections VI.A and VI. C is provided for the ***spouse named at the time of retirement.***" (emphasis added).

---

[3] The SBO, consisting of the 40% Company-Paid survivor benefit and the additional 10% payment is the "qualified joint and survivor annuity" that is required to be provided under ERISA § 205 and § 401(a)(11) of the Code. As a former employee who retired under Section IV, Plaintiff is entitled to have the Company-Paid Survivor Benefit paid to his "spouse at retirement" or to "a survivor or survivors specified by him in such a manner as the Board of Benefits and Pensions may prescribe". The designation of the nonspouse survivor or survivor is subject to the conditions of paragraph VI.A(4). Paragraph VI.A(4) provides that the employee may specify a nonspouse survivor provided:
> "(a) he has no spouse; (b) he provides evidence satisfactory to the Board of Benefits and Pensions that (i) his spouse cannot be located; (ii) he is legally separated or abandoned; pursuant to a court order to that effect; (iii) spousal consent is otherwise not required by regulations issued by the Secretary of the Treasury; or (c) his spouse has consented to waive benefit coverage under Section VI.A. – and, where applicable, Section VI.C – in the manner prescribed by the Board of Benefits and Pensions."

Since the Plaintiff was married at the time of his retirement, the Pension Plan automatically provided the SBO, consisting of the Company-Paid Survivor Benefit and the additional 10% coverage, unless the Plaintiff waived the coverage with the consent of his spouse within the 90 day period ending on the date of his retirement. As indicated from the SBO Election form filed in November, 1991 (*See*, Exhibit C), the Plaintiff did not waive the SBO with the consent of his spouse during the applicable time period and, therefore, the SBO will be provided to the spouse at the time of retirement, Charlotte D. Smith. There are no provisions in the Pension Plan either for a spouse waiver of the election after retirement or for a "substitution" of a new spouse.

As a fiduciary, DuPont must administer the Pension Plan strictly in accordance with the governing documents. *See* 29 U.S.C. § 1104(a)(1)(D). Based on the clear and unambiguous language of the Pension Plan, DuPont has no authority to make the changes requested by the Plaintiff and must reject the change requested by Plaintiff.

### 2.   Federal Law Prohibits the Relief Requested by the Plaintiff

Not only do the terms of the Plan preclude the relief Plaintiff seeks, but federal law prohibits the assignment or alienation of post-retirement survivor benefits. *See* 26 U.S.C. § 401(a)(13); 29 U.S.C. § 1056(d). Yet that is precisely what Plaintiff is attempting to do – have his former spouse assign her right to receive the survivor benefit to his current spouse.

Pursuant to ERISA and the Code, all tax-qualified pension plans must offer a qualified joint and survivor annuity to married participants, and their spouses must be allowed the option to waive this benefit. *See* 29 U.S.C. § 1055(c) and 26 U.S.C. § 401 (a)(11). The spouses' option to waive the survivor benefit is limited, however, to the "applicable election period." *See* 29 U.S.C. § 1055(c)(1)(A) and 26 U.S.C. § 417(a)(b)(A). The election period is

defined by statute (and, as described above, the Pension Plan) as "the 90-day period ending on the annuity starting date." *Id.* at (c)(7)(A) and § 417(a)(b)(A). Plaintiff began receiving his pension benefits (*i.e.*, his annuity started) on December 1, 1991. Charlotte Smith had not waived the survivor benefit at that time, as would have been required under the Code and the Plan to make an effective waiver.

After failing to waive the SBO at retirement, Plaintiff argues that DuPont should now permit a "substitution" of his beneficiary to name his current spouse. Plaintiff avoids using the word "assignment;" however, the alienation of a benefit is prohibited under ERISA and the Code no matter how Plaintiff attempts to camouflage the action. ERISA section 206(d)(1) requires that "each pension plan shall provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1) and § 401(a)(13) of the Code contains a comparable prohibition.

The primary purpose of ERISA is to protect the rights of employees and their beneficiaries to receive their retirement benefits. 29 U.S.C. §§ 1001, *et seq.* In enacting ERISA, Congress intended to ensure that retirement benefits would be available to retirement plan participants and their beneficiaries upon retirement. 29 U.S.C. § 1001. In order to accomplish this purpose, Congress included anti-alienation provisions as part of ERISA, Title I, 29 U.S.C. § 1056(d)(1)-(d)(3)(A) and amended the Code to require that as a condition of tax-qualification, a qualified plan and trust preclude assignment or alienation, 26 U.S.C. § 401(a)(13). Congress intended retirement interests to be largely non-attachable by creditors. *See Guidry v. Sheet Metal Workers Natl. Pension Fund*, 493 U.S. 365, 376 (1990).

In the early 1980's plan administrators increasingly received state court orders attempting to divide pension benefits in connection with participants' divorces. In an effort to

9

provide protection for the non-participant spouse, Congress enacted the Retirement Equity Act of 1984, Pub. No. 98-397, 98 Stat. 1426 ("REA") which amended ERISA and the Code to make the qualified joint and survivor annuity the mandatory form of benefit for a married participant. Other forms of benefit could be elected and non-spouse beneficiaries designated but only with the consent of the spouse and only if the spouse's waiver was obtained in accordance with specified rules designed to protect the spouse. In addition, REA revised the anti-alienation provisions to allow for the assignment of benefit interests in connection with a divorce but only if such assignments were made pursuant to a domestic relations order issued by a state court that was determined by a plan administrator to be a "qualified" order based on requirements set forth in ERISA and the Code. *See* 29 *U.S.C.* § 1056 (d)(3) and 26 U.S.C. §§ 401 (a)(13)(B) and 414 (P).

Except as permitted through a qualified domestic relations order, the benefits that have accrued within a retirement plan will even be protected from alienation for equitable purposes. The broad social policy expressed by Congress through ERISA's expansive anti-alienation scheme "takes precedence over the [court's] desire to do [effectuate] equity between [specific] parties." *Guidry,* 493 U.S. at 366. ERISA's anti-alienation clause is mandatory and contains very few exceptions. *See Boggs v. Boggs*, 520 U.S. 833, 851 (1997). Those exceptions are not subject to judicial expansion. *Id., see also Smith v. Estate of Smith*, 248 F. Supp.2d 348 (D. N.J. 2003), *Guidry,* 493 U.S. 365. The anti-assignment provisions in ERISA are vigorously enforced, and exceptions to it are narrowly construed. *See Boggs*, 520 U.S. at 851, *Patterson v. Shumate*, 504 U.S. 753 (1992). Clearly, the very specific spouse waiver rules and limited exception to the anti-alienation rules enacted as part of REA reinforce the conclusion that

DuPont has no discretion to deviate from the terms of the Pension Plan to recognize the post-retirement spouse waiver and assignment of benefits requested by Plaintiff.

Charlotte Smith was Plaintiff's spouse at the time of his retirement. She did not waive the spouse survivor benefit at that time and her subsequent attempt to waive the SBO executed some 11 years after Plaintiff's retirement is not effective under the terms of the Plan, ERISA or the Code.[4] Therefore, Charlotte Smith is the only individual who may receive the SBO, consistent with the requirements of ERISA and the Code.

In summary, as indicated above, if DuPont were to acquiesce to Plaintiff's demand as set forth in the Complaint, it would constitute a breach of fiduciary duty under ERISA and jeopardize the tax-qualified status of the Pension Plan to the detriment of all of the Plan participants. *See* 29 U.S.C. § 1104(a)(1)(D) (a plan fiduciary must "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and … in accordance with the documents and instruments governing the plan…").

---

[4] It should be noted that even if Charlotte Smith's waiver were given effect, it would not result in the transfer of the SBO to Plaintiff's new spouse. As noted above, the subsequent transfer of the benefit is an impermissible assignment under both ERISA and the Code.

11

## CONCLUSION

For the foregoing reasons, DuPont respectfully requests that the Court issue an Order dismissing the Complaint in its entirety. Given the lack of factual and legal foundation for the Complaint, DuPont further requests its costs and attorneys' fees in connection with responding to the Complaint in this matter.

                    Respectfully submitted,

                    POTTER ANDERSON & CORROON LLP

                    By: /s/ Sarah E. DiLuzio
                    Mary E. Copper (#2397)
                    Sarah E. DiLuzio (#4085)
                    Hercules Plaza 6th Floor
                    1313 N. Market Street, P.O. Box 951
                    Wilmington, Delaware 19899
                    (302) 984-6000

                    *Attorneys for Defendant*
                    *E. I. du Pont de Nemours and Company*

Dated: April 29, 2005
680113

## **CERTIFICATE OF SERVICE**

I, Sarah E. Diluzio, hereby certify that on April 29, 2005, I electronically filed true and correct copies of the foregoing DEFENDANT E.I. DU PONT DE NEMOURS AND COMPANY'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS with the Clerk of the Court using CM/ECF which will send notification of such filing, which is available for viewing and downloading from CM/ECF and hand delivered two (2) true and correct copies to the following counsel of record:

>Gerald Z. Berkowitz, Esquire (#152)
>Berkowitz Schagrin & Cooper
>1218 N. Market Street
>P. O. Box 1632
>Wilmington, DE 19899
>gberkowtiz@bsclaw.com

>_____
>Sarah E. DiLuzio (DSB ID No. 4085)
>POTTER ANDERSON & CORROON LLP
>Hercules Plaza, 6th Floor
>1313 North Market Street
>Post Office Box 951
>Wilmington, Delaware 19899-0951
>Tel: (302) 984-6000
>E-mail: sdiluzio@potteranderson.com