IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD J. SMITH, ) | |
| ) | C.A. No. 05-119 (SLR) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| E.I. DUPONT de NEMOURS & COMPANY, ) | |
| a Delaware Corporation, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF RONALD J. SMITH'S ANSWERING BRIEF IN SUPPORT OF
HIS RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

BERKOWITZ, SCHAGRIN & COOPER, P.A.
GERALD Z. BERKOWITZ, ESQUIRE
Bar I.D. No. 152
1218 Market Street
P.O. Box 1632
Wilmington, Delaware 19899-1632
Phone: (302) 652-3155
Attorney for Plaintiff, Ronald J. Smith

DATED: 5/18/05

# TABLE OF CONTENTS

|  | PAGE |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | ii |
| NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| SUMMARY OF ARGUMENT | 2 |
| STATEMENT OF FACTS | 3 |
| ARGUMENT | 4 |
|     A. Standard of Review | 4 |
|     B. Defendant Has Not Satisfied the Standard for Dismissal Under Rule 12(b)(6) | 4 |
| CONCLUSION | 6 |

## TABLE OF AUTHORITIES

CASES                                                         PAGE

Yang v. Odom, 392 F.3d 97 (3d Cir. 2004)                      4

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff, Ronald J. Smith, filed a Complaint on February 28, 2005, requesting an Order from this Court to designate his current wife as beneficiary under the DuPont Pension and Retirement Plan ("Pension Plan") in substitute of Charlotte D. Smith, his former spouse at the time of his retirement.

Defendant, E.I. du Pont de Nemours and Company ("DuPont") filed a Motion to Dismiss and Opening Brief in Support of its Motion to Dismiss on April 29, 2005.

Plaintiff submits this brief in support of its Response to Motion to Dismiss.

## SUMMARY OF THE ARGUMENT

1. Plaintiff's Complaint should not be dismissed as Defendant has not satisfied the standard for dismissal under Rule 12(b)(6).

## STATEMENT OF FACTS

Plaintiff, Ronald J. Smith, is a former employee of DuPont and was entitled to benefits under the DuPont Pension Plan, a tax-qualified employee pension plan. Compl., D.I.1, ¶ 1. On December 23, 1993, Plaintiff was divorced from his former spouse, Charlotte D. Smith; and, Plaintiff subsequently remarried. Compl., D.I.1, ¶ 2. Plaintiff and Charlotte D. Smith had entered into a written agreement dated January 8, 1993, settling all matters ancillary to their divorce wherein the parties waived any post-retirement company-paid survivor benefits and spouse benefit options. Compl., D.I.1, ¶ 2.

Plaintiff retired from DuPont on November 14, 1991, at which time Plaintiff completed the "Post-Retirement Company-Paid Survivor Benefits and Spouse Benefit Option" form ("SBO Election Form"). Compl., D.I.1, ¶ 4. This form provides DuPont employees the option of specifying a spouse for the company-paid survivor benefit or declining that option and naming a nonspouse as beneficiary. Compl., D.I.1, ¶ 4. There appears to be an inconsistency in the SBO Election Form completed by Plaintiff as both the box naming the SBO and the box declining the SBO are marked. Compl., D.I.1, ¶ 5. See Defendant's Exhibit C.

On May 7, 2002, Plaintiff requested DuPont to designate his current spouse as beneficiary of his survivorship benefit in place of Charlotte D. Smith. Compl., D.I.1, ¶ 6. DuPont denied Plaintiff's request. Compl., D.I.1, ¶ 7. Charlotte D. Smith signed an express waiver of the SBO in a letter dated January 14, 2003. Compl., D.I.1, ¶ 3. See Exhibit A.

3

## ARGUMENT

### A. Standard of Review

This Court may grant a request to dismiss an action pursuant to Rule 12(b)(6), if "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." Yang v. Odom, 392 F.3d 97 (3d Cir. 2004).

### B. Defendant Has Not Satisfied the Standard for Dismissal Under Rule 12(b)(6)

As stated in Defendant's Opening Brief, Section VI.C of the Pension Plan provides that a DuPont employee cannot specify a nonspouse survivor for the SBO unless "the employee and his spouse specify otherwise in writing in the manner prescribed by the Board of Benefits and Pensions within 90 days prior to the date of his retirement." Defendant argues that since Plaintiff was married to Charlotte D. Smith at the time of his retirement, the Pension Plan automatically provided the SBO to Charlotte D. Smith unless she and Plaintiff specified otherwise in writing within the 90 day period prior to the date of his retirement.

Furthermore, Defendant argues that the SBO Election Form attached as Exhibit C to Defendant's Opening Brief indicates that Plaintiff did not waive the SBO with Charlotte D. Smith's consent during the 90 day time period as Plaintiff completed the portion of the form specifying her for the SBO. However, an ambiguity exists in the form as Plaintiff also blocked out the box indicating that his spouse declined the SBO. Therefore, it is not clear from the SBO Election Form completed by Plaintiff whether Plaintiff and Charlotte D. Smith, his spouse at the time of retirement, intended to accept or decline the SBO.

4

Furthermore, the fact that the parties executed an agreement resolving all ancillary matters in which they waived any interest in the other's pensions or retirement plans supports their intent to decline the SBO. In addition, Charlotte D. Smith's letter of January 15, 2003, indicates the intent to decline the SBO at the time of Plaintiff's retirement. Because of the ambiguity in the SBO Election Form completed by Plaintiff and the standard for dismissal requiring the Court to view the allegations in the light most favorable to Plaintiff, Defendant has not satisfied the standard for dismissal under Rule 12(b)(6).

## CONCLUSION

Based upon the foregoing arguments, Plaintiff requests that this Court enter an Order denying Defendant's Motion to Dismiss.

Respectfully submitted,

BERKOWITZ, SCHAGRIN & COOPER, P.A.

BY: _____
GERALD Z. BERKOWITZ, ESQUIRE
Bar I.D. No. 152
1218 Market Street
P.O. Box 1632
Wilmington, Delaware 19899-1632
Phone: (302) 652-3155
Attorney for Plaintiff

Dated: 5/10/05

6

## POST-RETIREMENT COMPANY PAID SURVIVOR BENEFITS
## WAIVER OF THE DUPONT PENSION AND RETIREMENT PLAN

I, CHARLOTTE D. SMITH, Social Security NO. 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, born June 27, 1954 hereby acknowledge that I am familiar and have read the notifications regarding post-survivor benefits under the Dupont Pension and Retirement Plan and although I did not sign the waiver as set forth in the form attached from the Dupont Company as Exhibit "A" to this waiver, I hereby consent to waive my right to receive such benefits as the Participant's spouse under the Retirement Equity Act. I also understand that my spouse has authority to specify a beneficiary without my knowledge or consent and that I will not receive any benefits under the plan unless specified as a beneficiary by my spouse.

    I have signed this waiver since it is in conformity with my separation and property settlement agreement dated January 8, 1993, paragraph 15, which expressly waives any legal right I might have under federal or state law as a spouse to participate under the pension plan of Ronald J. Smith.

_Charlotte D. Smith_
CHARLOTTE D. SMITH

SUBSCRIBED, SWORN AND ACKNOWLEDGED before me by Charlotte D. Smith this 15th day of January, 2003.

_Darcy H. Chase_
Notary Public

Darcy H. Chase
Commission #DD225304
Expires: Jun 22, 2007
Bonded Thru
Atlantic Bonding Co., Inc.

EXHIBIT "A"



## POST-RETIREMENT COMPANY-PAID SURVIVOR BENEFITS AND SPOUSE BENEFIT OPTION
### SECTION VI OF THE PENSION AND RETIREMENT PLAN
(EFFECTIVE UPON RETIREMENT)



TR 9721  REV. 2/85

**EMPLOYEE INFORMATION**

Name __Ronald__ __J.__ __Smith__    Soc. Sec. No. __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__
       First   Middle   Last

Birth Date __07-26-43__   A.S.D. __06-27-66__   Roll: [X] Ex. Sal.  [ ] Nonex. Sal.  [ ] Wage
           Month/Day/Year         Month/Day/Year

Department & Site __Engr__  __Louvrs__    Code __8 5__  __1 0 8 0__
                                               Dept.    Site

Marital Status: [X] Married   [ ] Single

The following election revokes and supersedes any and all previous elections. Check only one of the boxes below.

[X] I hereby name my spouse, shown below, for the **spouse benefit option** and the following designated beneficiary(ies) for the Company-paid survivor benefit. I understand that my pension as provided in the Pension and Retirement Plan will be reduced to provide for the spouse benefit option. *(Complete spouse information and check the appropriate letter.)*

__Charlotte D. Smith__     __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__         __06-27-54__
SPOUSE NAME                SOC. SEC. NO.           DATE OF BIRTH (SUBMIT PROOF WITH THIS FORM)

[X] (a) Spouse    ___ (b) Spouse and all minor children    ___ (c) Spouse and minor children as specified (below)

[NOTE] IF YOU ARE MARRIED AND CHECK THE FOLLOWING BOX, A VALID POST-RETIREMENT SPOUSE WAIVER MUST BE ON FILE OR THE WAIVER CLAUSE AS SHOWN BELOW MUST BE COMPLETED. (FOR RETIREMENTS PRIOR TO JANUARY 1, 1985, A SPOUSE WAIVER IS NOT REQUIRED.)

[X] I hereby decline the **spouse benefit option** and specify the person(s) named below as beneficiary(ies) to receive Company-paid survivor benefits as provided in the Pension and Retirement Plan. *(Check the appropriate letter.)*

___ (a) Spouse    ___ (b) Spouse and all minor children    ___ (c) Spouse and minor children as specified
___ (d) Specified minor children    ___ (e) Parent or stepparent

**SPECIFICATION OF BENEFICIARIES**
Use full name. Using maiden name as middle name facilitates identification. Name of female spouse should be written "Mary Smith Jones" not "Mary Helen Jones." Never "Mrs. Henry A. Jones" or "Mrs. H. A. Jones." Proof of date(s) of birth will be required by the Company when application is made for survivor payment.

| Name | Relationship | Soc. Sec. No. | Date of Birth |
|---|---|---|---|
| Charlotte D. Smith | Spouse | 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 | 06-27-54 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

__Doris O. Uhde__                    __Ronald J. Smith__                  Date __11/12/91__
Witness to Employee's Signature       Employee's Signature

__BN/12__
Number   Street

_____       __Dorl E. Uhde__                    Date __11/14/91__
City     State    Zip Code            Authorized Signature For E. I. du Pont de Nemours & Company

**WAIVER** (If waiver completed, only original copy must be notarized.)

I, _____, the participant's spouse, hereby acknowledge that I have read the notification on the reverse side regarding post-retirement survivor benefits under the Du Pont Pension and Retirement Plan and consent to waive my right to receive such benefits as the participant's spouse under the Retirement Equity Act. I also understand that my spouse has authority to specify a beneficiary without my knowledge or consent and that I will not receive any benefits under the Plan unless specified as a beneficiary by my spouse.

State of _____      County of _____

Signed and attested before me on
_____ day of _____, 19 _____

_____       _____
                                       Signature of Spouse

Notarial Officer Title and Rank        _____
My commission expires                  Signature of Notarial Officer

## CERTIFICATE OF SERVICE

I, GERALD Z. BERKOWITZ, ESQUIRE, hereby certify that on this  19  day of May 2005, two copies of the foregoing Answering Brief in Support of Response to Motion to Dismiss were served by hand deliver upon the following individual at the address indicated below:

>Mary E. Copper, Esquire
>Sarah E. DiLuzio, Esquire
>Potter Anderson & Corroon LLP
>Hercules Plaza, 6th Floor
>1313 N. Market Street, P.O. Box 951
>Wilmington, DE 19899

_____
GERALD Z. BERKOWITZ, ESQUIRE

2