IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD J. SMITH, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 05-119 (SLR) |
| ) | |
| v. ) | |
| ) | |
| E. I. DU PONT DE NEMOURS AND ) | |
| COMPANY, a Delaware corporation, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT E.I. DU PONT DE NEMOURS AND COMPANY'S
<u>REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS</u>**

POTTER ANDERSON & CORROON LLP
Mary E. Copper (#2397)
Sarah E. DiLuzio (#4085)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
mcopper@potteranderson.com
sdiluzio@potteranderson.com

*Attorneys for Defendant
E. I. du Pont de Nemours and Company*

Dated: May 27, 2005
684118

**ARGUMENT**

I. **Plaintiff's Post–Retirement Company-Paid Survivor Benefits and Spouse Benefit Option ("SBO") election was unambiguous and, upon Plaintiff's retirement, Charlotte D. Smith became vested in the survivor benefits.**

Plaintiff's Answering Brief[1] does not cite any provision under the DuPont Pension and Retirement Plan (the "Pension Plan"), the Employee Retirement Income Security Act ("ERISA"), the Internal Revenue Code or case law that would support the requested relief. Plaintiff's sole argument in opposition to the Motion to Dismiss is that "it is not clear from the SBO[2] Election Form completed by Plaintiff whether Plaintiff and Charlotte D. Smith, his spouse at the time of retirement, intended to accept or decline the SBO." *See* Answering Brief at 4 (D.I. 10). This statement is not supported by either the SBO election form or Plaintiff's understanding of the effect of the election as expressed in his letter to DuPont, dated May 7, 2002 (attached as Exhibit 1 to Anderson Affidavit (D.I. 4)).

The SBO election form is not ambiguous as to the intent to accept the SBO. Although there are marks in both boxes, the first box, the box naming Charlotte D. Smith to receive the SBO, is completely filled in; her name, social security number and date of birth have also been inserted. *Id.* In addition, the form clearly states that if the participant intends to waive the SBO, the spouse must sign a waiver. Charlotte D. Smith did not sign the waiver and, therefore, as the spouse at Plaintiff's retirement, became entitled to the SBO.

---

[1] Although Plaintiff's Answering Brief was filed significantly out of time, DuPont recognizes and shares the Court's preference for deciding matters on the merits, rather than on procedural defects.

[2] The "SBO" or "SBO Election Form" is Plaintiff's Post–Retirement Company-Paid Survivor Benefits and Spouse Benefit Option, attached as Exhibit B to Defendant's Brief in Support of its Motion to Dismiss (D.I. 4).

In further support of Plaintiff's understanding of the effect of his election, in Plaintiff's letter to Marsha Cauthen of DuPont dated May 7, 2002, he wrote:

> The purpose of this letter is to request your approval to change my pension beneficiary designation.
>
> I was married to Charlotte D. Smith at the time of my retirement, 11/30/91 where she was named as beneficiary on my pension.

Exhibit 1 to Anderson Affidavit (D.I. 4). This letter clearly indicates that Plaintiff understood Charlotte D. Smith to be the beneficiary entitled to the SBO under the Pension Plan.

II. **Plaintiff's attempt to "substitute" his current wife for the SBO is not supported by the terms of the DuPont Pension and Retirement Plan or the applicable statutes.**

As set forth in Defendant's Opening Brief in support of its Motion to Dismiss, neither the Pension Plan nor applicable federal law permits the relief requested by Plaintiff. (D.I. 4) Without challenging any of the authorities cited by Defendant in its Opening Brief or referencing any authority under the Pension Plan or federal law, Plaintiff suggests that Charlotte D. Smith's waiver of her rights to benefits in connection with her divorce from Plaintiff and her 2003 waiver expressed her "intent" to waive the SBO "at the time of Plaintiff's retirement" and, presumably, to support the requested relief. However, Plaintiff's argument fails for a number of reasons.

First, Charlotte D. Smith's affidavit of January 15, 2003 does not state that she intended to waive the SBO at the time of Plaintiff's retirement. In fact, her affidavit states that: "I did not sign the waiver as set forth in the form attached from the Dupont Company...." (Attached as Exhibit A, p. 10 to Complaint (D.I. 1)). She then states: "I

3

hereby consent to waive my right to receive such benefits ...." *Id.* The plain meaning of her statements is that she did not waive the benefits in 1991, nor intend to waive them in 1991, but did wish to waive them in 2003. Secondly, any waiver, either in connection with the divorce or in 2003 is not a valid waiver as neither was signed within the 90-day period prior to Plaintiff's annuity starting date as required by the Pension Plan and the applicable statutes. *See* 29 U.S.C. § 105(c)(1)(A) and 26 U.S.C. § 417(a)(6). Finally, any post-retirement attempt to assign Charlotte D. Smith's survivor retirement benefit would violate the anti-alienation provisions of ERISA and the Code. *See*, 29 U.S.C. § 1056(d)(1)-(d)(3)(A) and 26 U.S.C. § 401(a)(13).

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint does not state a claim upon which relief can be granted under the standard of review set forth in *Bartholomew v. Fischl*, 782 F.2d 1148, 1152 (3d Cir. 1986) or *Yang v. Odom*, 392 F.3d 97 (3d Cir. 2004). Accordingly, DuPont respectfully requests that the Court issue an Order dismissing the Complaint in its entirety. Given the lack of factual and legal foundation for the Complaint, DuPont further requests its costs and attorneys' fees in connection with responding to the Complaint in this matter.

        Respectfully submitted,

        POTTER ANDERSON & CORROON LLP

        By: /s/ Sarah E. DiLuzio
        Mary E. Copper (#2397)
        Sarah E. DiLuzio (#4085)
        Hercules Plaza 6th Floor
        1313 N. Market Street, P.O. Box 951
        Wilmington, Delaware 19899
        (302) 984-6000
        mcopper@potteranderson.com
        sdiluzio@potteranderson.com

        *Attorneys for Defendant*
        *E. I. du Pont de Nemours and Company*

Dated: May 27, 2005
684118

**CERTIFICATE OF SERVICE**

I, Sarah E. Diluzio, hereby certify that on May 27, 2005, I electronically filed true and correct copies of the foregoing DEFENDANT E.I. DU PONT DE NEMOURS AND COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS with the Clerk of the Court using CM/ECF which will send notification of such filing, which is available for viewing and downloading from CM/ECF, and hand delivered (2) two copies to the attorney listed below:

        Gerald Z. Berkowitz, Esquire (#152)
        Berkowitz Schagrin & Cooper
        1218 N. Market Street
        P. O. Box 1632
        Wilmington, DE 19899
        gberkowtiz@bsclaw.com

        _/s/ Sarah E. DiLuzio_
        Sarah E. DiLuzio (DSB ID No. 4085)
        POTTER ANDERSON & CORROON LLP
        Hercules Plaza, 6th Floor
        1313 North Market Street
        Post Office Box 951
        Wilmington, Delaware 19899-0951
        Tel: (302) 984-6000
        E-mail: sdiluzio@potteranderson.com

684118