IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD J. SMITH, | ) |
| Plaintiff, | ) |
| v. | ) Civ. No. 05-119-SLR |
| E.I DUPONT de NEMOURS & CO., | ) |
| Defendant. | ) |

Gerald Z. Berkowitz, Esquire, Berkowitz, Schagrin, Cooper & Dryden, Wilmington, Delaware. Counsel for plaintiff.

Mary E. Cooper, Esquire, and Sarah E. DiLuzio, Esquire, Potter Anderson & Corroon, Wilmington, Delaware. Counsel for defendant.

MEMORANDUM OPINION

Dated: December 8, 2005
Wilmington, Delaware

ROBINSON, Chief Judge

I. INTRODUCTION

On February 28, 2005, Ronald J. Smith ("plaintiff") filed the present action against E.I DuPont de Nemours & Company ("defendant"). Plaintiff seeks declaratory judgment to substitute his current wife as the beneficiary for the Spouse Benefit Option ("SBO") offered under the Pension and Retirement Plan offered by defendant ("pension plan"). (D.I. 1) The pension plan at issue is a tax-qualified employee pension benefit plan subject to the provisions pertaining to employee pension plans of both the Internal Revenue Code (the "Code"), 26 U.S.C. § 401(a) et seq, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C § 1001 et seq. (Id. at ¶ 1) Accordingly, the court has federal question jurisdiction over the instant dispute pursuant to 28 U.S.C. § 1331.

In particular, plaintiff requests that defendant recalculate the entitlement of his current wife and substitute her as the beneficiary of the post survivorship benefit or, alternatively, substitute his current wife as the beneficiary and allow her to receive the payments that would have been paid for the life of the originally designated survivor, Charlotte D. Smith. (Id. at 2)

Presently before the court is defendant's motion to dismiss. (D.I. 3) The court grants said motion based on the fiduciary

duty requirements set forth by ERISA § 1104(a)(1)(D), as well as the anti-alienation provisions of ERISA § 1056(d)(1) and § 401(a)(13).

## II. BACKGROUND

Plaintiff is a former employee of defendant and current participant in defendant's pension plan. (D.I. 1 at ¶ 1) On November 14, 1991,[1] plaintiff completed a "Post-Retirement Company-Paid Survivor Benefits and Spouse Benefit Option" form ("SBO election"), a document completed by eligible employees as a prerequisite to their retirement. (Id., ex. B) The SBO election provides employees with the option of either electing the SBO for the company-paid survivor benefit or declining the option with the spouse's consent. (Id.) The option exercised by plaintiff is a point of contention between the parties because both of the options appear to be partially marked by plaintiff. (Id.) Defendant contends that plaintiff opted to name his then-spouse, Charlotte D. Smith, for the SBO as evidenced by the checkmark in which she is named for the benefit and subsequently identified as a beneficiary. (Id.) Alternatively, defendant claims that, even if the box declining the SBO were partially filled in, no valid waiver occurred because the waiver clause, indicating the

---

[1] Although the date on which plaintiff signed the benefit form appears to be "11/12/94" (D.I. 1, ex. B), the parties have stipulated that the date is in error; the actual date of retirement was November 14, 1991. (D.I. 6)

2

spouse's consent to waive the survivor benefit, was incomplete. (Id.)  To the contrary, plaintiff alleges that he never intended to name Charlotte D. Smith as the beneficiary on the SBO election.  (Id. at ¶7)

Notwithstanding the inconsistencies on the SBO election, plaintiff retired on November 30, 1991 and began receiving pension benefits under the pension plan on December 1, 1991. (D.I. 4, ex. A)  Based on the option that defendant believed plaintiff had exercised, plaintiff's pension was reduced to provide for the SBO.  (D.I. 4, ex. B, VI C(2)(a)(b)  Further, the amount of plaintiff's pension benefit and the survivor benefit, to which Charlotte D. Smith was entitled, were calculated under the pension plan according to the relative life expectancies of plaintiff and his then-spouse.  (Id.)

On January 8, 1993, plaintiff and Charlotte D. Smith entered into a separation and property agreement in which they settled all matters ancillary to their divorce.  (D.I. 1, ex. A)  Under the agreement, both parties expressly waived any legal rights either may have had as a spouse to participate as a beneficiary in any pension or retirement plan of the other.  (Id., ex. A at ¶ 15)  On December 12, 1993, a final decree of divorce, including the separation and property settlement agreement, was entered by the Family Court of the State of Delaware.  (Id., ex. A at 9)

Following the divorce, plaintiff married his current

spouse.² On May 7, 2002, plaintiff wrote defendant, seeking approval to change his pension beneficiary designation under the pension plan. (D.I. 4, ex. A-1) Defendant denied plaintiff's request, claiming that substitutions were not allowed under the pension plan nor permitted by the anti-alienation provisions of federal law. (Id. at 5)

On January 15, 2003, Charlotte Smith signed a waiver in which she forfeited her rights to receive any benefits under the pension plan. (D.I. 1, ex. A at 10) Additionally, she indicated that, "although I did not sign the waiver as set forth in the [SBO election], I hereby consent to waive my right to receive such benefits as the Participant's spouse under the Retirement Equity Act." (Id.)

### III. STANDARD OF REVIEW

Because defendant has referred to matters outside the pleadings, the motion to dismiss shall be treated as a motion for summary judgment and disposed of as provided in Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

---

² Neither the name of plaintiff's new wife nor the date of their marriage is of record.

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact is in dispute. <u>Matsushita Elec. Indus. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 n.10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." <u>Horowitz v. Fed. Kemper Life Assurance Co.</u>, 57 F.3d 300, 302 n.1 (3d Cir. 1995)(internal citations omitted).

If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." <u>Pa. Coal Ass'n v. Babbitt</u>, 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment. There must be enough evidence to enable a jury to reasonably find for the nonmoving party on that issue. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of his case with

5

respect to which he has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In other words, the court must grant summary judgment if the party responding to the motion fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. Omnipoint Comm. Enters., L.P. v. Newtown Township, 219 F.3d 240, 242 (3d Cir. 2000) (citing Celotex, 477 U.S. at 323).

## IV. DISCUSSION

In light of the Third Circuit's recent opinion in McGowan v. NJR Service Corp., 423 F.3d 241 (3d Cir. 2005), defendant's motion for summary judgment is granted. The Third Circuit follows the minority view that waivers outside the documents of the pension plan are not binding, recognizing that such a waiver would be a breach of defendant's fiduciary duty and would violate ERISA's prohibition on alienation or assignment of benefits.

ERISA imposes a fiduciary duty on defendant to discharge its responsibilities "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D). Private agreements waiving benefits, such as a divorce decree, do not determine the rights of the parties. Rather, it is the documents on file with the pension plan that dictate the rights of the parties. McGowan, 423 F.3d at 246. The Third Circuit noted that this holding is required both by the terms of §

1104(a)(1)(D), as well as to promote the "principal goals underlying ERISA – ensuring that 'plans be uniform in their interpretation and simple in their application.'" Id. Therefore, outside waivers are not binding on pension plan administrators. Id.

Plaintiff argues that his completion of the SBO election is ambiguous in its face. (D.I. 10 at 4) The pension plan has two boxes - one accepting the SBO and one declining the SBO. Depending on which box is chosen, certain information is required to be completed. The first box, accepting the SBO, requires the name, social security number and birth date of the spouse and designation of the beneficiaries. The second box, declining the SBO, requires a designation of the beneficiaries and completion of the waiver, located at the bottom of the election. On plaintiff's SBO election, both boxes are colored. The information under the first box, accepting the SBO, is completely filled in with the name, social security number and birth date of Charlotte D. Smith. No information is provided under the second box and the waiver is not completed. The court finds there is no issue of material fact regarding the ambiguity of the intent to accept the SBO. Therefore, defendant has a fiduciary duty to distribute the SBO to the named beneficiary, Charlotte D. Smith, in accordance with the pension plan.

Furthermore, recognition of Charlotte D. Smith's waiver

would contravene ERISA's anti-alienation provision, 29 U.S.C. § 1056(d)(1). See McGowan, 423 F.3d at 248. The Third Circuit analyzed a similar situation and concluded that such a waiver is the functional equivalent of an assignment of benefits from the former wife to the current wife in violation of ERISA. Id. "Even though ERISA does not expressly state that 'waivers' are prohibited, recognition of the waiver sought in this case would undermine § 1056(d)(1)." Id.

## V.   CONCLUSION

For the reasons stated above, defendant's motion for summary judgment is granted. An appropriate order shall issue.