GZB
1/17/06

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD J. SMITH, | ) |
| | ) |
| Plaintiff, | )   CA No.: 05-1199 (SLR) |
| | ) |
| v. | ) |
| | ) |
| E. I. DUPONT DE NEMOURS & COMPANY, | ) |
| | ) |
| Defendant. | ) |

**RESPONSE TO DEFENDANT E. I. DUPONT DE NEMOURS MOTION FOR ATTORNEY'S FEES**

Ronald J. Smith, Plaintiff, by and through his attorneys, Berkowitz & Schagrin, P.A. responds to the Motion in the order set forth as follows:

1. Admitted.

2. The Court opinion speaks for itself.

3. Admitted.

4. Admitted.

5. Denied as stated. The question of entitlement depends upon the Court's determination under 29 U.S.C. §1132(g)(1). Such subsection allows the "possibility" of fees "in actions involving delinquent contributions" and/or reasonable attorney's fees under subsection (g).

6. It is submitted that the case at bar does not involve delinquent contributions and that the question of reasonable fees cannot be determined by the simple Affidavit of the defendant as set forth. If the Court determines that the defendant is entitled fees under the subsection.

7. It is submitted that the fees of plaintiff were approximately $3,000.00. The plaintiff cannot dispute the fees of the defendant based on the Affidavit submitted because it is not a complete bill and under the circumstances, the charges by the defendant are grossly disproportionate to the fees charged to the plaintiff. Furthermore, the economic circumstances of

the parties are obviously disproportionate to each other. On the one hand the plaintiff is a retired employee of the DuPont Company and it is submitted that even the defendant will not indicate that the plaintiff has the economic resources of the DuPont Company. Furthermore, it cannot be said that the plaintiff's request in the Petition filed was without foundation or was not a reasonable request as set forth in his Petition for Relief, especially with the confusion caused by the plainntiff's understanding on the documents filed on the DuPont forms.

WHEREFORE, the plaintiff prays that the Court deny the defendant's request for fees or should the Court determine that fees must be awarded to determine that it is not reasonable to assess the plaintiff based on the facts that are stated in this response and affidavit.

                BERKOWITZ & SCHAGRIN, P.A.

BY: _____
GERALD Z. BERKOWITZ
1218 Market Street
P. O. Box 1632
Wilmington, DE  19899
Attorney for Plaintiff

DATED: January 17, 2006

2

STATE OF DELAWARE )
) S.S.:
NEW CASTLE COUNTY )

I, __GERALD Z. BERKOWITZ__, being duly sworn according to law, do depose and say that the attached Response to Defendant E.I. DuPont De Nemours Motion for Attorney's Fees is true and correct to the best of my knowledge, information and belief.

_____
GERALD Z. BERKOWITZ

SWORN TO AND SUBSCRIBED before me, this _17th_ day of _January_, 2006

_____
Notary Public

## CERTIFICATE OF SERVICE

I, DENISE J. INGRAHAM, do hereby certify that on the 17th. day of January 2006 two copies of the attached Response to Defendant E.I. Dupont De Nemours Motion for Attorney's Fees were served by hand on the person listed below:

Elizabeth King (DSB ID NO. 4475)
Potter Anderson & Corroon LLP
Hercules Plaza
6th. Floor
1313 N. Market Street
Wilmington, DE 19801

DENISE J. INGRAHAM